UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARGARET WINCHESTER,

    Plaintiff,

-vs-                                                  Case No. 5:10-cv-262-Oc-18TBS

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

Margaret Winchester ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). She alleged inability to work due to deterioration of her spine, arthritis, scoliosis, numbness from her waist down, nerve damage, lumbar back pain with radiculopathy to both legs, shortness of breath, numbness in hands, foot pain and hip pain. Tr. 41, 175, 182, 190, 203.[2]

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. §636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual allegations on appeal.

[2] The transcript of the administrative proceedings is filed at Doc. 15. All references to the transcript are "Tr." followed by the applicable page number.

In January 2007, Plaintiff filed an application for a period of disability and DIB and an application for SSI, alleging a disability onset date of November 29, 2006. Tr.127-31,132-34. The Social Security Administration ("SSA") denied Plaintiff's applications initially and upon reconsideration. Tr. 49-52, 53-58, 67-71.

Plaintiff then requested and received a hearing before administrative law judge ("ALJ") Joseph A. Rose on September 21, 2009, during which Plaintiff, who was represented by counsel, and Donna P. Mancini, a vocational expert ("VE") testified. Tr. 27-48, 72. At the time of the hearing, Plaintiff was 48 years old. Tr. 31. On November 4, 2009, the ALJ issued his final decision finding Plaintiff not disabled and denying her claim. Tr. 14-22. Plaintiff filed a Request for Review by the Appeals Council, which was denied. Tr. 1-4, 5-10. Accordingly, ALJ Rose's November 4, 2009 decision was the final decision of the Commissioner. Tr. 1. On June 18, 2010, Plaintiff filed her Complaint with this Court. (Doc. 1). Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

On appeal, Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ failed to even address the opinion of Dr. Hunter, a treating physician. Plaintiff also argues that the ALJ erred by failing to articulate explicit and adequate reasons for discrediting Plaintiff's subjective complaints.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the ALJ applied proper legal standards and the ALJ's Decision is supported by substantial evidence. Accordingly, it is recommended that the ALJ's Decision be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the plaintiff (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§404.1520 and 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

Here, the ALJ performed the required five-step sequential analysis. Tr. 16-22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of November 29, 2006 through November 4, 2009, the date of the ALJ's decision. Tr. 16. At step two, the ALJ determined that Plaintiff had the following severe impairments: arthritis of the thoracic spine, scoliosis thyroid disorder, and knee arthritis. Tr. 16. At step three, the ALJ found

-3-

that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 17.

Next, the ALJ found that Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: limited to occasional crawling, stooping, balancing, crouching, kneeling, climbing ramps or stairs; must avoid climbing ladders, ropes, or scaffolds; and must avoid concentrated exposure to fumes, odors, dusts, gases, and unprotected heights.

Tr. 17.

At step four, the ALJ relied in part on the testimony of the VE in finding that Plaintiff is able to perform past relevant work as an unarmed security guard. Tr. 21-22. Based on this finding at step four, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from November 29, 2006 through the date of the ALJ's decision. Tr. 22.

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing Richardson v. Perales, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e.,

evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(per curiam)("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'")

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam.) "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote, 67 F.3d at 1560, see also Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

A. ALJ's RFC assessment is supported by substantial record evidence

Plaintiff argues that the ALJ's RFC finding is not supported by substantial record evidence because the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Oregon Hunter, M.D.

At issue here is Dr. Hunter's December 29, 2006 opinion that "as far as function in the workplace, [Plaintiff] would be unable to return to gainful employment without interruption, even at a sedentary part-time level." Tr. 240. The ALJ failed to specifically discuss this opinion. Typically, that fact alone could be cause for remand. However, the Court finds that remand is not warranted under the facts of this case for several reasons.

It is well-established that substantial or considerable weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless "good cause" is shown to the contrary. Crawford v. Commissioner of Social Security, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997)) ("We have found 'good cause' to exist where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their medical records.")  However, the ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. Edwards v. Sullivan, 937 F.2d 580, 584 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements). Where a treating physician has simply made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other

consistent evidence of a claimant's impairments. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir.1986).

At the most basic level, Dr. Hunter's opinion that Plaintiff was unable to work is on an issue reserved to the Commissioner. See 20 C.F.R. §§404.1527(e), 416.927(e) (issues such as whether a claimant is "disabled" or "unable to work" are "not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability"); see also, SSR 96-5p(explaining that opinions on issues reserved for the Commissioner "even when offered by a treating source, . . . can never be entitled to controlling weight or be given special significance"). Thus, while the ALJ could consider Dr. Hunter's opinion that Plaintiff is unable to work, he was not required to give it any weight.

The ALJ clearly found that the evidence of record, including Dr. Hunter's own treatment notes, supported his determination that Plaintiff could perform a range of light work; and thus, the evidence was inconsistent with Dr. Hunter's extreme opinion that Plaintiff was precluded from performing any work. The Eleventh Circuit has made it clear that an ALJ is not required to specifically refer to every piece of evidence in his decision, " so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [this Court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Here,

because the ALJ considered Plaintiff's medical condition as a whole, the ALJ's failure to specifically discuss Dr. Hunter's opinion that Plaintiff "would be unable to return to gainful employment without interruption, even at a sedentary part-time level" does not require remand.

The ALJ discussed Dr. Hunter's treatment records at length in evaluating Plaintiff's RFC. Tr. 18-21. Plaintiff was treated by Dr. Hunter from May to December 2006 for complaints of lower back and right knee pain. Tr. 18-19, 239-74. As the ALJ noted, physical examinations showed tenderness to palpation along the cervical and thoracolumbar paraspinous muscles and restricted range of motion along the cervical spine. However, muscle strength in the upper and lower extremities was rated 5/5 overall, with no evidence of edema or weakness in the upper and lower extremities; deep tendon reflexes were normal; and straight leg raise tests were normal. Dr. Hunter reviewed and noted several diagnostic tests, including a diagnostic image of the lumbar spine showing mild to moderate degenerative disc disease; a diagnostic image of the thoracic spine showing severe degenerative disc disease from T3 through T8; a MRI of the lumbar spine showing minimal multilevel degenerative changes without significant canal or neural foraminal narrowing; and a bone scan showing only mild degenerative changes in the right knee and both feet.

The ALJ also discussed Dr. Hunter's December 29, 2006 treatment notes, which included Dr. Hunter's opinion that Plaintiff could not work. The ALJ noted

that Dr. Hunter diagnosed Plaintiff with chronic intractable pain syndrome; degenerative disc disease of thoracolumbar spine; bulges L3-4, L4-5, and L5-S1; and right L5 radiculopathy. The ALJ pointed out, however, that Dr. Hunter observed that Plaintiff was able to walk without an assistive device and that Plaintiff reported medications were helpful with pain and function. Dr. Hunter further noted that Plaintiff should continue with conservative treatment. Tr. 239-40.

The ALJ noted that while an EMG on December 1, 2006 showed chronic neuropathic changes, there was no evidence of left lumbosacral motor radiculopathy and a nerve conduction study was largely normal. The ALJ also noted the generally unremarkable musculoskeletal and neurological findings in Plaintiff's treatment records from the Marion County Health Department dated January 1, 2007 through August 7, 2009. Tr. 302-32, 345-75.

The ALJ fully considered and accorded substantial weight to the consultative examinations performed by Samer Choksi, M.D. on April 12, 2007 Tr. 19, 285-88 and by Donald Tindall, M.D. on October 8, 2007 Tr. 19, 334-36, both of which lend support to his RFC determination.

Dr. Choksi's diagnostic impression was low back pain with radiculopathy per claimant and thyromegaly goiter. Dr. Choksi found that Plaintiff's subjective complaints were consistent with the objective medical evidence except for low back pain with radiculopathy. On examination, Dr. Choksi's findings were largely unremarkable - i.e., Plaintiff's spinal range of motion was normal; motor, sensory

and reflex findings were normal; no muscle spasms were noted; straight and seated leg raises were normal; grip strength and fine manipulation were normal; no motor deficits were noted to the upper or lower extremities; and her joints had no deformity, redness, heat, swelling, pain, tenderness or other signs of inflammation. Dr. Choksi further noted that while Plaintiff had a slight limp and showed some squatting limitations, she walked without assistance or an assistive device and she was able to heel-to-toe walk.

Dr. Tindall's diagnostic impressions were chronic low back pain and radicular pain consistent with multilevel degenerative disc disease, facet arthropathy, and bulging discs; and suspected degenerative arthritis in the right and left knee. On examination, Plaintiff had decreased range of motion along the thoracolumbar spine and some tenderness in her back. However, bilateral sitting root and sciatic nerve stretch signs were negative. Although Dr. Tindall found Plaintiff had decreased sensation on all surfaces of the right and lower extremity, he also found normal reflexes, normal grip and manual dexterity, normal strength, and no muscle atrophy. Examination of her knees revealed some tenderness and swelling of the right knee.

The ALJ also accorded substantial weight to the opinions of non-examining state agency doctors, Dr. Eric Puestow and Dr. Gary Cater, both of whom opined that Plaintiff retained the capacity to perform light work with some nonexertional limitations. Tr. 289-96, 337-44. The ALJ explained that the state agency doctors

-10-

"provided specific reasons for their opinions about the residual functional capacity showing that the opinions were grounded in the evidence in the case record including careful consideration of the claimant's allegations regarding [her] symptoms and limitations." Tr. 21.

Plaintiff contends that the ALJ erred in relying on these opinions because the state agency doctors failed to cite objective testing in support of their assessments However, both Dr. Puestow and Dr. Cater cited objective findings in support of their assessments Tr. 290, 338 and the Court is not aware of any requirement that they identify every piece of evidence which they reviewed in their assessments.

Plaintiff's contention that Dr. Cater's assessment is invalid because it is unsigned and undated is without merit. Both state agency doctors appear to have signed their assessments with an electronic signature, which is expressly authorized by the regulations. See Program Operations Manual System (POMS) DI 81020.110. Thus, the ALJ properly relied on the opinions of the state agency doctors.

Based on the foregoing, there is no question that the ALJ considered Plaintiff's medical condition as a whole and that his RFC determination is supported by substantial record evidence. Even if the medical evidence lends some support to Dr. Hunter's opinion that Plaintiff could not perform any gainful work, the ALJ, as the fact finder, was entitled to weigh the evidence as he did and determine that the medical evidence supports a finding that Plaintiff can perform a

range of light work.  This Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(quoting Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)).

Lastly, it would be a waste of administrative and judicial resources to remand this action for the ALJ to expressly discuss the weight given to Dr. Hunter's conclusory opinion that Plaintiff is unable to return to work, especially since the ALJ is not required to give any weight to such an opinion.  See Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997)(remand not necessary unless record shows evidentiary gaps that would result in unfairness or clear prejudice); Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)(using harmless error analysis in social security context).

### B. The ALJ properly evaluated Plaintiff's subjective complaints

Plaintiff argues that the ALJ failed to properly consider her subjective complaints. The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  Tr. 18.

In evaluating disability, the ALJ must consider all of a claimant's impairments, including her subjective symptoms, such as pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical

evidence.  When a claimant attempts to establish a disability through her own testimony of pain or other subjective symptoms, she must show evidence of an underlying medical condition and must demonstrate either that objective medical evidence confirms the severity of the alleged symptom arising from that condition or that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged symptoms.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995).

If an ALJ decides not to credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Foote, 67 F.3d at 1561-62; Jones v. Department of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (finding that articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). However, a lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. Foote, 67 F.3d at 1561-62.

In the instant case, it appears the ALJ applied the Eleventh Circuit's pain standard threshold assessment to Plaintiff's subjective complaints.  The ALJ stated that he considered Plaintiff's subjective complaints in light of 20 C.F.R. §§ 404.1529 and 416.929 and SSRs 96-4p and 96-7p. Tr. 17.  In applying the pain standard, the ALJ

found that Plaintiff met the initial burden of showing underlying medical conditions that could be expected to give rise to symptoms. Then, after discussing Plaintiff's testimony regarding her complaints of back and leg pain, and after thoroughly reviewing the record evidence, the ALJ determined that while Plaintiff's impairments may have produced some limitations, her allegations of disabling pain were not entirely credible. Tr. 17-21.

As discussed above at length, the ALJ's determination that Plaintiff could perform a range of light work is supported by substantial record evidence. Plaintiff fails to identify any evidence showing greater limitations than those assessed by the ALJ. Plaintiff points to diagnostic test results – i.e., an x-ray report (Tr. 279) and an EMG report (Tr. 250) -- to substantiate her subjective complaints. These reports merely provide evidence of an underlying medical condition; thus, they only satisfy the first prong of the Eleventh Circuit pain standard. It is the functional limitations or restrictions caused by the impairments, not the impairments themselves, which may impact an individual's ability to work. See McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)("the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.")

Because the ALJ articulated legitimate reasons for discrediting Plaintiff's pain testimony, and those reasons were supported by substantial evidence, the ALJ properly evaluated Plaintiff's subjective complaints.

## V. Conclusion

For the reasons discussed above, it is respectfully RECOMMENDED:

-14-

1. That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. §405(g) AFFIRMING the Commissioner's decision.

2. That the Clerk of Court be directed to close the file.

RESPECTFULLY RECOMMENDED at Ocala, Florida, on January 5, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

The Honorable G. Kendall Sharp
Senior United States District Judge

Counsel of record